The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032-0787
Dear Senator Russ:
This is in response to your request for an opinion on the use of court costs "collected by Faulkner County prior to the 1997 session." Specifically, you indicate that Faulkner County Ordinance 92-6 "levied a fee in court cases which went into a fund for the public defender fund program (at that time) for investigative expenses." After the 1997 session, at which Acts 788 and 1341 were passed, the "required portion of this fee has been included by the County treasurer in the periodic remission of monies to the State as requested by these Acts to support the State Public defender System." Your question with regard to these sums is as follows:
 May Faulkner County use these funds to support the current public defender system in whatever manner as appropriated by the Quorum Court in consistency with Acts 788 and 1341?
The four-dollar "public investigator" fee to which you refer[1] was repealed effective July 1, 1995 by Acts 1995, No. 1256, Section 20 (repealing former A.C.A. § 16-87-111(b), which was derived from Acts 1991, No. 992, Section 1.) The four-dollar fee was replaced or "rolled in" to a new uniform state fee schedule. See generally,
Acts 1995, No. 1256 and Acts 1995 (1st Ex. Sess), No. 13. Some continued collection of this four-dollar fee was authorized in cases filed prior to July 1, 1995, however. See Acts 1995, No. 1256, Sections 2 and 17[2] and Acts 1995 (1st Ex. Sess.) No. 13, Section 2(c).[3] I assume it is this authorized continued collection of the four-dollar fee that led to the sums to which your question refers. This collection sometimes includes authorized "time payments" which could extend some time after the repeal of the four-dollar fee.
Your question with regard to these sums is whether they may be used to support the current public defender system "in whatever manner as appropriated by the Quorum Court in consistency with Acts 788 and 1341 of 1997." To the extent your question refers to continued collection of the four-dollar investigative fee, it is my opinion that prior law authorized the use of this fee to support the expenses of the office of public defender. Act 992 of 1991 contained a provision which stated that: "The quorum court may appropriate any funds collected from the court cost provided for in this section in excess of those needed for the investigator to pay salaries and expenses of the office of the public defender." See Acts 1991, No. 992, Section 1 (b)(3) formerly codified at A.C.A. § 16-87-111(b)(3). In my opinion, therefore, to the extent the sums at issue were assessed before July 1, 1995, they may be disbursed in accordance with prior law, and prior law provided for the use of excess funds to support the expenses of the public defender's office. See Op. Att'y Gen. 94-238. See also, however, fn. 2, below which may require an order of the county court. On these facts, therefore, the answer to your question is "yes."
If some of the moneys to which you refer were assessed after July 1, 1995, the court cost levied was not the four-dollar fee, as it was repealed by Act 1256 of 1995, but was a uniform fee, some portion of which was then allocated to the public investigator fund or program in the "County Administration of Justice Fund." See generally A.C.A. §16-10-307. You have not indicated the exact makeup of the amount in question. I have enclosed for your review, however, a copy of Op. Att'y Gen. 97-185, which addresses the use of excess funds from one program in this fund to the use of other programs in the fund. If in fact some of the sums were "assessed" after July 1, 1995, consultation with officials at the Administrative Office of the Courts is advisable to ensure proper distribution of the relevant sums.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
Enclosures
[1] The ordinance enclosed with your request involves the previously authorized four-dollar public defender investigation fee. The fee authorized at A.C.A. § 14-20-102 is not at issue herein.
[2] Section 2(c) provided that: "In all cases filed in such courts prior to July 1, 1995, all court costs and filing fees shall be assessed and distributed according to law in existence on the date of the filing, including monies collected on and after July 1, 1995."
[3] This provision states that: "In all cases filed in such courts prior to July 1, 1995, all court costs and filing fees shall be assessed according to law in existence on the date of the filing, but shall be disbursed in accordance with this act. However, nothing in this subsection (c) shall prevent, upon determination by a county as evidenced by a county court order . . . the continued distribution of all court costs and filing fees assessed prior to July 1, 1995 under such authorization existing prior to July 1, 1995.